# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ALLEY BROTHERS, LLC § | |
| § | Civil Action No. 4:18-CV-742 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| MURALIDHARAN KRISHNAN, ET AL. § | |

### MEMORANDUM ADOPTING REPORT AND
### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 13, 2018, the report of the Magistrate Judge (Dkt. #26) was entered containing proposed findings of fact and recommendations that Plaintiff's Expedited Motion to Remand (Dkt. #9) be granted, and Plaintiff's Motion for Sanctions (Dkt. #10) and Defendants' Motions for Sanctions (Dkts. #15; #20) each be denied. Having received the report of the Magistrate Judge, having considered Defendants' Objections (Dkt. #30), Plaintiff's Application and Verified Proof of Reasonable and Necessary Fees (Dkt. #28), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted as set forth herein. Furthermore, currently pending before the Court is Plaintiff's additional "Motion for Sanctions (Rule 11)" (Dkt. #27). Having considered the subsequent Motion for Sanctions, Defendants' Response (Dkt. #31), and all other relevant pleadings, the Court finds Plaintiff's additional Motion for Sanctions (Dkt. #27) should be denied.

### RELEVANT BACKGROUND

The underlying facts of this case have been set forth previously; as such, the Court merely recaps Defendants' prior removal attempts and the motions being considered herein.

The instant case is Defendants' third attempt to remove a post-foreclosure eviction proceeding from state court to the Eastern District of Texas. Plaintiff initiated an eviction proceeding on March 28, 2018, in Justice Court of Precinct 4 of Collin County, Texas, related to the property located at 8528 Maltby Court, Plano, Texas 75204 (the "Property"). On April 13, 2018, Defendants removed the state court case. *Alley Brothers, LLC v. Krishnan, et al.*, No. 4:18-cv-258 (Dkt. #1) (E.D. Tex. Apr. 13, 2018). On July 27, 2018, the undersigned remanded the case to the Justice Court. *Id.* at (Dkt. #37). After the Court's first remand of the state court case, the state court set the eviction proceeding for a pretrial conference to take place on August 16, 2018. On August 14, 2018, Defendants once again attempted to remove the eviction proceeding. *Alley Brothers, LLC v. Krishnan, et al.*, No. 4:18-cv-577 (Dkt. #1 at 1-2) (E.D. Tex. Aug. 14, 2018). The undersigned again remanded this matter on September 6, 2018. *Id.* at (Dkt. #10). On October 16, 2019, Defendants removed the eviction proceeding for a third time (Dkt. #1 at p. 1), alleging new developments justified the removal (Dkt. #1 at p. 3). Plaintiff once more moved for remand and also requested the imposition of sanctions on October 24, 2018 (Dkts. #9; #10). On November 13, 2018, Defendants filed responses to both motions (Dkts. #13; #14), and a separate Motion for Sanctions against Plaintiff (Dkt. #15). On November 26, 2018, Defendants filed an additional Motion for Sanctions (Dkt. #20), to which Plaintiff responded on November 28, 2018 (Dkt. #22), and on December 10, 2018, Defendants filed a reply (Dkt. #24). The Magistrate Judge entered a Report and Recommendation on December 13, 2018 (Dkt. #26). The Report recommended Plaintiff's Motion to Remand be granted because: (1) the Court has already twice determined that it lacks subject matter jurisdiction over this matter, and a subsequent removal cannot be based upon the same ground – that is, the same "pleading or event that made the case removable." (2) Defendants' assertion that § 1443 is an appropriate vehicle for the removal of the

instant action is meritless; (3) Defendants' (third) Notice of Removal is untimely because over thirty days have now passed from when Defendants were served, and Defendants' assertion that correspondence from the state court constituted "other paper" was meritless. The Report also found that Plaintiff's Motion for Sanctions should be denied because: (1) under Rule 11, Plaintiff did not provide notice to Defendants the required twenty-one (21) days prior to filing its Motion for Sanctions; and (2) section 1927 is not intended to apply to non-attorney *pro se* litigants. The Report did, however, find that a pre-filing injunction was warranted under 28 U.S.C. § 1651(a), and Plaintiff should receive from Defendants its just costs and any actual expenses incurred as a result of the instant (third) removal under section 1447(c). The Report finally recommended that Defendants' Motions for Sanctions should be denied for failure to enumerate any specific, sanctionable conduct.

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

At the outset, the Court overrules Defendants' "blanket" objections to the Report (Dkt. #30 at p. 1). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc); *Chase Bank USA, N.A. v. McLain*, No. 1:12-CV-353, 2013 WL 713404, at *1 (E.D. Tex. Feb. 26, 2012).

*Motion to Remand*

Defendants assert three objections to the recommendation that this matter be remanded: (1) "[t]his court is blindly ignoring and/or blind to the fraud of [Plaintiff and Plaintiff's counsel] and also the fraud of earlier case defendants JPMCetal [sic] (of 4:15-CV-632-RC-KPJ) and FRAUD by Treyson Brooks and/or Don Bush and the relevant case laws" (Dkt. #30 at p. 2) (emphasis in original); (2) "Motion to Remand should be denied based on Artful Pleading Doctrine" because "removal preempts their state claims since [Plaintiff] [is] covering up [its] fraud along with the earlier case defendants JPMC, BDFTE, others" (Dkt. #30 at pp. 4–5); and (3) "[a]ny paper (ATT-C) by lower court (JP Court) and which is result of the CONTINUOUS/Third attempt by Zaidis in CONTINUING the FRAUD (3rd attempt) which makes this other paper eligible for removing and Zaidis should have asked the JP Court to withdraw that letter or cancelled their lawsuit with prejudice" (Dkt. #30 at p. 6) (quotations removed).

Defendants' fraud allegations are wholly unfounded in the record, and further are irrelevant to the findings in the Report. The Magistrate Judge recommended that this matter be remanded because the Court lacks subject matter jurisdiction, and further, because Defendants were untimely in seeking removal. Insofar as Defendants argue that their fraud claims allow the Court to exercise jurisdiction over this matter by virtue of the "Artful Pleading Doctrine," it is well established under existing law that Defendants' answer and any counterclaims asserted by Defendants cannot be considered in determining the existence of removal jurisdiction. *Stump v. Potts*, 322 F. App'x. 379, 380 (5th Cir. 2009); *Tex. ex rel. Bd. of Regents of Univ. of Tex. Sys. v. Walker*, 142 F.3d 813 n.2 (5th Cir. 1998). Defendants' continued assertion that correspondence from the Justice of the Peace constitutes "other paper" is also meritless (Dkt. #30 at p. 6). *See also Chambers v. Bielss*,

CIV.A.3:08CV372KC, 2008 WL 5683483, at *4 (W.D. Tex. Dec. 8, 2008). Each of Defendants' objections related to the issue of remand are overruled.

*Defendants' Request for Sanctions*

Defendants argue that the Report's finding as to their request for sanctions is erroneous because Defendants "timely and properly filed their Notice of Service of Motion for Rule 11 Sanctions against Zaidis/Reeder indicating that they brought this entire lawsuit fraudulently after fraudulently buying the property of Krishnans['] using forged/fraudulent documents. . . . And Zaidi spoke with Krishnans within days of fraudulent foreclosure. . . they continued to move ahead with that fraud which was warned to them much in advance and also in the motion for sanctions" (Dkt. #30 at p. 6). The record demonstrates, as the Report found, that while Defendants' Motion details their alleged compliance with the notice requirements of Rule 11, Defendants raise only conclusory allegations which do not support granting such relief. Defendants' objection fails to demonstrate the specific sanctionable, fraudulent conduct at issue, and therefore is overruled.

*Pre-Filing Injunction*

Although the Report recommended denial of Plaintiff's Motion for Sanctions, it ultimately concluded that the imposition of a pre-filing injunction under § 1651(a) was warranted:

> Despite the Court's previous, express warning that another frivolous removal may result in the imposition of sanctions, Defendants frivolously removed the case a third time. The record clearly demonstrates that Defendants continue to remove the instant case from state court to federal court each time this matter is set for hearing or disposition in the state court. Such conduct establishes that the removals are Defendants' attempts to delay and disrupt the state court eviction proceedings and harass Plaintiff. Notably, Defendants offer no explanation for their blatant disregard for the Court's prior orders remanding the eviction proceeding. The Court finds, based on the current record, that sanctions are appropriate.

(Dkt. #14 at pp. 10–11). Defendants argue that the Court should not impose a pre-filing injunction because a "[p]re-filing injunction is trying to stop them exercising their fundamental right to seek

5

justice thru [sic] proper means" and "IF this court has done nothing wrong, let it deal with the cases/filings of [Defendants]" (Dkt. #30 at p. 7) (emphasis in original). The record in this matter and the two previously remanded matters, Cause Nos. 4:18-cv-258 and 4:18-cv-577, demonstrate that Defendants continue to remove the instant case to federal court in an attempt to delay and disrupt the state court eviction proceedings. Defendants have been advised numerous times that the Court cannot exercise jurisdiction over the eviction matter, and yet Defendants continue to seek removal. Moreover, Defendants' own objections evidence an intent to continue seeking removal. Accordingly, the Court finds that the imposition of a pre-filing injunction is appropriate. The language of the pre-filing injunction shall be as follows:

> Defendants are prohibited from filing in, or removing to, the Eastern District of Texas the case *Alley Brothers, LLC v. Krishnan, et al.*, Cause No. 04-EV-18-00550 (Justice Court, Precinct 4, Collin County, Tex. Mar. 28, 2018) (the "State Action") or any civil action related to 8528 Maltby Court, Plano, Texas 75024 (the "Property") without leave of court. Defendants shall be required to obtain leave of court from an active Eastern District of Texas Judge assigned to the division in which the case will be filed, or the Chief Judge of the Eastern District of Texas. Defendants must file a written motion requesting leave of court and attach to the motion for leave copies of (1) the proposed complaint; and (2) a copy of this Report and Recommendation and any Memo Adopting from the District Court.

Furthermore, the language included in the Report's recommended pre-filing injunction does not prevent Defendants from "exercising their fundamental right to seek justice thru [sic] proper means"; continuing to remove the same case in blatant disregard of the Court's previous findings is not the "proper means" by which Defendants may "seek justice." Defendants' objection is overruled.

### *Attorney Fees*

The Report also recommended that, pursuant to § 1447(c), Plaintiff receive from Defendants "its just costs and any actual expenses" incurred as a result of the instant (third) removal (Dkt. #26 at pp. 11–12). Defendants respond that "[s]anctions against Krishnans by

Reeder is wrong and his calculation/fees shows his lack of ethics which is proved clearly," because Plaintiff's request for fees is akin "to A thief asking for expenses/time spent in planning and executing his theft plan/burglary and asking the expenses to be paid by the homeowner who is the victim and just because the COPS/DA/FBI involved in this are blind/deaf to injustice and are without integrity, it does not mean that Krishnans have to pay to the thieves for robbery" (Dkt. #30 at pp. 7–8).

Defendants' conclusory objections are unsupported by the record, and are overruled. If a federal district court lacks jurisdiction over a case, the party removing the case may be required to pay the "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As previously discussed, Defendants, lacking an objectively reasonable basis for seeking removal, filed the instant third removal for the purpose of further delaying the state court proceedings; as a result, Defendants should pay Plaintiff's just costs and actual expenses incurred as a result of the instant removal.

After the entry of the Report, Plaintiff filed its Application and Verified Proof of Reasonable and Necessary Fees (Dkt. #28). Therein, Plaintiff's counsel swears to a reasonable rate of $250.00/hour and an itemized billing record of the expenses incurred in this matter and attests that "[t]he aforementioned costs and expenses total $3,722.60" (Dkt. #28 at p. 3). Notably, Defendants do not raise specific objections to the reasonableness of Plaintiff's counsel's hourly rate or the numbers of hours expended by Plaintiff's counsel as a result of the third removal.

In determining the amount of a reasonable attorney's fee, the Court employs a two-step process. "First, the court determines the lodestar, which is the reasonable number of hours expended on a case multiplied by the reasonable hourly rates for the litigating attorneys. It is a [movant's] burden to show the reasonableness of the hours billed and to prove he exercised billing

7

judgment. Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Whatley v. Creditwatch Servs., Ltd.*, No. 4:11-cv493, 2014 WL 1287131, at *1-2 (E.D. Tex. Mar. 31, 2014); *see also Jiwani v. United Cellular, Inc.*, 3:13-CV-4243-M (Dkt. #28) (N.D. Tex. Sept. 29, 2014). Once the Court calculates the "lodestar" fee, the lodestar may be adjusted upward or downward depending on the twelve (12) factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

The Court has independently reviewed Plaintiff's Application, and the billing invoices therein, and has found no duplicative, excessive, or otherwise improper hours billed therein. Further, the Court concludes that the requested hourly rate charged by Plaintiff is reasonable and within the market rate for attorneys handling this type of litigation in the Eastern District of Texas. *See Ocwen Loan Servicing, LLC v. Deane*, No. 4:15-CV-00682-O-BP, 2017 WL 6816499, at *5 (N.D. Tex. Dec. 1, 2017), *report and recommendation adopted*, No. 4:15-CV-00682-O-BP, 2018 WL 309105 (N.D. Tex. Jan. 5, 2018); *Vanliner Ins. Co. v. DerMargosian*, No. 3:12–cv–5074–D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorney's fees). The Court, upon review of the evidence and after giving due consideration to the relevant factors, and the Verified Application, therefore concludes that $3,722.60 is a reasonable and appropriate attorney's fee in this case. *See Jiwani,* 3:13-CV-4243-M (Dkt. #28) (granting attorney fees incurred in moving to remand and responding to various motions filed by the removing party under § 1447).

*Plaintiff's Additional Motion for Rule 11 Sanctions*

The Magistrate Judge recommended denial of Plaintiff's initial Motion for Sanctions under Rule 11 because "Plaintiff did not provide notice to Defendants the required twenty-one (21) days prior to filing its Motion for Sanctions," and "'[c]ompliance with the service requirement is a

mandatory prerequisite to an award of sanctions under Rule 11,' in order 'to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention.'" (Dkt. #26 at p. 8) (quoting *In re Pratt,* 524 F.3d 580, 586 and n. 20 (5th Cir. 2008)).[1] On December 17, 2018, Plaintiff filed a second, substantively similar Motion for Sanctions pursuant to Rule 11 (Dkt. #27). In this subsequent Motion for Sanctions, Plaintiff asserts that the notice requirement is now met because Defendants were sent a copy of the previous Motion for Sanctions when it was filed on October 24, 2018, and further, Defendants were sent a copy of the subsequent Motion for Sanctions on the same day it was filed, December 17, 2018 (Dkt. #27 at p. 9). Plaintiff still does not meet Rule 11's notice requirement. In both instances, the originally filed Motion for Sanctions and the subsequent, second Motion for Sanctions, Plaintiff mailed the Motion for Sanctions to Defendants the same day as filing the Motion. Plaintiff has failed to comply with Rule 11's mandatory notice requirements. *See Standard Ins. Co. v. Cooper-Pipkins*, CIV.A.3:08CV0746-B, 2008 WL 5000044, at *2 (N.D. Tex. Nov. 24, 2008) ("Cross-Plaintiffs filed their motion for sanctions on the same day they served the Motion on Cross-Defendant. In doing so, Cross-Plaintiffs failed to abide by the plain language of Rule 11's "safe harbor" provision."); *Areizaga v. ADW Corp.*, 3:14-CV-2899-B, 2016 WL 3511788, at *5–6 (N.D. Tex. June 7, 2016), *report and recommendation adopted*, 3:14-CV-2899-B, 2016 WL 3419097 (N.D. Tex. June 22, 2016). Accordingly, Plaintiff's subsequent Motion for Sanctions under Rule 11 (Dkt. #27) is denied. *See Veranda Associates, L.P. v. Hooper*, CIV.A. H-11-4206, 2012 WL 602143, at *7 (S.D. Tex. Feb. 23, 2012), *aff'd*, 496 F. App'x 455 (5th Cir. 2012).

---

[1] The Report also denied Plaintiff's alternative request for sanctions under § 1927; neither Party has specifically objected to this finding.

# CONCLUSION

Having considered Defendants' Objections (Dkt. #30), Plaintiff's Application and Verified Proof of Reasonable and Necessary Fees (Dkt. #28), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #26) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff's Expedited Motion to Remand (Dkt. #9) is **GRANTED** and this case is **REMANDED** to the Justice Court of Precinct 4 of Collin County, Texas. Pursuant to 28 U.S.C. § 1447(c), Plaintiff shall receive its just costs and actual expenses. Defendants shall pay to Plaintiff, within thirty (30) days of the date of this Order, its attorney's fees and expenses in the amount of $3,722.60, as set forth in the Plaintiff's Application (Dkt. #28).

It is further **ORDERED** that Plaintiff's Motions for Sanctions (Dkts. #10; #27) and Defendants' Motions for Sanctions (Dkts. #15; #20) are each **DENIED**.

It is finally **ORDERED** that Defendants are prohibited from filing in, or removing to, the Eastern District of Texas the case *Alley Brothers, LLC v. Krishnan, et al.*, Cause No. 04-EV-18-00550 (Justice Court, Precinct 4, Collin County, Tex. Mar. 28, 2018) (the "State Action") or any civil action related to 8528 Maltby Court, Plano, Texas 75024 (the "Property") without leave of court. Defendants shall be required to obtain leave of court from an active Eastern District of Texas Judge assigned to the division in which the case will be filed, or the Chief Judge of the Eastern District of Texas. Defendants must file a written motion requesting leave of court and attach to the motion for leave copies of (1) the proposed complaint; (2) a copy of the Report and Recommendation (Dkt. #26); and (3) this Memorandum Adopting entered by the undersigned.

**IT IS SO ORDERED**.
SIGNED this 16th day of April, 2019.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE